UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| STEFAN MARK MIDDLEBROOKS, | ) | CIV. 13-4033-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION TO DISMISS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Stefan Mark Middlebrooks, seeks review of an agency action under the Administrative Procedure Act. Defendant, United States of America, moves the court to dismiss the amended complaint. For the reasons stated below, the court denies the motion to dismiss.

**BACKGROUND**

The facts, according to the amended complaint, are as follows:

Middlebrooks was born on October 26, 1993. His father, Gary Middlebrooks, is a retired member of the South Dakota Air National Guard. Middlebrooks suffers from a rare genetic condition known as tricho-dento-osseous syndrome (TDO), which affects a person's hair, teeth, and bones.[1]

---

[1] "[TDO] is an autosomal dominant disorder characterized by abnormal hair, teeth and bone. The main clinical manifestations of TDO include taurodontism, enamel hypoplasia, kinky, curly hair at birth and increased thickness and density of the cranial bones." Jennifer A. Price, et al., *Identification of a Mutation in DLX3 Associated with Tricho-Dento-Osseous (TDO) Syndrome*, 7 Oxford Journal of Human Molecular Genetics 563, 563 (1998),

Middlebrooks suffers from taurondontism,[2] enamel hypoplasia,[3] and a malformation of his jaw. As a result, Middlebrooks's medical providers recommend full mouth crowns to protect his teeth.

The TRICARE program provides certain medical benefits for active duty uniformed services members, retirees, and their dependents.[4] As a result of his father's military service, Middlebrooks is eligible for medical benefits through TRICARE. Middlebrooks sought approval of the recommended dental procedure from TRICARE, which was denied. Subsequently, Middlebrooks requested reconsideration, but his benefits were denied again. Middlebrooks again appealed, and the office of the Assistant Secretary of Defense issued a final denial. Docket 18-1. Middlebrooks then filed this action. Docket 1. The United States moved to dismiss the original complaint. Docket 8. Middlebrooks timely

---

*available at* http://hmg.oxfordjournals.org/content/7/3/563.full.pdf+html.

[2] Taurodontism is "[a] developmental anomaly involving molar teeth in which the bifurcation or trifurcation of the roots is very near the apex, resulting in an abnormally large and long pulp chamber with exceedingly short pulp canals." *Stedman's Medical Dictionary* 1937 (2006).

[3] Enamel hypoplasia is "a developmental disturbance of teeth characterized by deficient or defective enamel matrix formation . . . ." *Stedman's Medical Dictionary* 935 (2006).

[4] The TRICARE program is a managed health care program formerly known as the Civilian Health and Medical Program of the Uniformed Services, or CHAMPUS. TRICARE involves the competitive selection of private contractors to underwrite the delivery of healthcare services. *See Baptist Physician Hosp. Org., Inc. v. Humana Military Healthcare Servs., Inc.*, 481 F.3d 337, 340 (6th Cir. 2007).

filed an amended complaint.[5] The United States moved to dismiss the amended complaint, which is the subject of this motion to dismiss. Docket 12.

## LEGAL STANDARD

The motion to dismiss before the court is brought pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief can be granted. A party challenging subject matter jurisdiction under Rule 12(b)(1) must attack either the facial or factual basis for jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). A facial challenge requires the court to examine the complaint and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the nonmoving party receives the same protections as it would if defending a motion to dismiss under Rule 12(b)(6). *Id.* A factual attack challenges the factual basis for subject matter jurisdiction, and the court considers matters outside the pleadings without giving the nonmoving party the benefit of the Rule 12(b)(6) safeguards. *Id.* The party seeking to establish jurisdiction has the burden of proof that jurisdiction exists. *Id.* at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

---

[5] "It is well-established that an amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

3

When reviewing a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013) (quoting *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012)). The court may consider the complaint, some materials that are part of the public record, and materials embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

### I.    Subject Matter Jurisdiction

#### A.   Money Damages or Equitable Relief

The United States argues that this court does not have subject matter jurisdiction because this court cannot grant the relief Middlebrooks requests due to the doctrine of sovereign immunity. Under the doctrine of sovereign immunity, the United States cannot be sued without its consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "When the United States consents to be

4

sued, the terms of its wavier of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986). The plaintiff has the burden of showing both a waiver of sovereign immunity and a grant of subject matter jurisdiction. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Two separate waivers of sovereign immunity are at issue in this case: the Tucker Act, 28 U.S.C. § 1491, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706.

The APA waives sovereign immunity for actions against the United States for review of administrative actions that do not seek money damages and provides for judicial review in the federal district courts. *See Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 480 F.3d 1116, 1122 (Fed. Cir. 2007). The Tucker Act waives the United States's sovereign immunity as to certain suits for money damages, but vests exclusive jurisdiction over all such suits seeking money damages exceeding $10,000[6] in the Court of Federal Claims. *Id.* at 1122 n.10 (explaining that the Court of Federal Claims has exclusive jurisdiction because Congress has not granted the authority to hear such claims to any other court). The Tucker Act is only a waiver of sovereign

---

[6] The Little Tucker Act, 28 U.S.C. § 1346(a), allows federal district courts to hear claims against the United States for money damages not exceeding $10,000.  When district court jurisdiction is based on the Little Tucker Act, a district court may grant damages but not equitable relief. *Doe v. United States*, 372 F.3d 1308, 1312 (Fed. Cir. 2004). Such jurisdiction is not at issue here because the claim exceeds the $10,000 threshold, if it is construed as a request for money damages. *See* Docket 21.

immunity and does not create a substantive right enforceable against the government. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Additionally, the Tucker Act does not give the Court of Federal Claims the ability to grant any equitable relief, with certain limited exceptions not relevant here. *Bowen v. Massachusetts*, 487 U.S. 879, 905 (1988).

The United States takes the position that the relief requested by Middlebrooks is essentially a claim for money damages, which would require his claim to be heard in the Court of Federal Claims pursuant to the Tucker Act. Middlebrooks argues that his claim is for equitable relief under the APA, which would require his claim to be heard in federal district court.

As an initial matter, the United States appears to contend that its Rule 12(b)(1) challenge is a factual challenge rather than a facial challenge. *See* Docket 17 at 6-7 (reciting the standards for a factual challenge under Rule 12(b)(1)). But there are no disputed facts raised by the parties. Instead, the parties dispute the legal classification of Middlebrooks's requested relief. Because there are no factual disputes for the court to resolve at this point, and the Rule 12(b)(1) argument turns on whether Middlebrooks's complaint on its face falls within this court's jurisdiction, the court considers it as a facial challenge to the court's subject matter jurisdiction.

To determine whether a claim is for money damages or equitable relief, a court "must look beyond the form of the pleadings to the substance of the

6

claim. . . . [D]ressing up a claim for money as one for equitable relief will not remove the claim from Tucker Act jurisdiction and make it an APA case." *Suburban Mortg. Assocs.*, 480 F.3d at 1124; *accord Sellers v. Brown*, 633 F.2d 106, 108 (8th Cir. 1980) ("We must look beyond the facial allegations of the complaint to determine the true nature of this suit."). Money damages "are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation . . . ." *Bowen*, 487 U.S. at 893. An equitable action for specific relief may include " 'the recovery of specific property *or monies*, ejectment from land, or injunction either directing or restraining the defendant officer's actions.' " *Id.* (emphasis in original) (quoting *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949)).

The mere fact that a remedy may require one party to pay money to another does not automatically classify the relief as money damages. *Id.* at 893-94. To classify a claim as equitable relief, the relief sought must have some significant effect or value beyond fixing the amount of money the government must pay. *See State of Minn. v. Heckler*, 718 F.2d 852, 858 (8th Cir. 1983). "Damages are given to the plaintiff to *substitute* for a suffered loss, whereas specific remedies 'are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled.' " *Bowen*, 487 U.S. at 895 (emphasis in original) (quoting D. Dobbs, *Handbook on the Law of Remedies* 135 (1973)).

7

The amended complaint requests a declaration that the recommended procedure is covered and an injunction prohibiting the United States from denying payment for the recommended procedure. Docket 12 at 4.  The relief requested by Middlebrooks in the amended complaint is similar to the example the Supreme Court cited in *Bowen* as equitable relief, stating " 'the Town repeatedly characterized reimbursement as "damages," but that simply is not the case. Reimbursement merely requires the Town to belatedly pay expenses that it should have paid all along and would have borne in the first instance . . . .' " *Bowen*, 487 U.S. at 894 (quoting *Sch. Comm. of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 370-71 (1985)). In this case, Middlebrooks is not requesting money to make him whole for a past wrong, he is requesting that the government be compelled to pay what he contends it was already obligated to pay. Furthermore, the equitable remedies requested by Middlebrooks will have value apart from fixing the liability of the government. Declarative relief that dental treatment for TDO is covered under TRICARE would assist Middlebrooks in obtaining coverage for any future dental care.

In deciding whether claims for TRICARE benefits should be heard in a federal district court or in the Court of Federal Claims, judges have frequently focused on whether the claimant received treatment and then sought to recover for the cost of treatment, or whether the claimant brought suit before receiving treatment to obtain relief from the denial of coverage. *See generally Doe v. United*

8

*States*, 372 F.3d 1308, 1312 (Fed. Cir. 2004) (classifying a claim as equitable relief where the plaintiff was denied coverage and filed suit before having the procedure); *Britell v. United States*, 372 F.3d 1370, 1376-77 (Fed. Cir. 2004) (holding that, when the plaintiff had an abortion, paid the hospital, and then sued for reimbursement, the claim was for damages and was properly brought under the Little Tucker Act); *Smith v. Office of Civilian Health & Med. Program of the Uniformed Servs.*, 97 F.3d 950, 954 (7th Cir. 1996) (approving of APA review in federal district court of a refusal to pre-authorize coverage); *Wilson v. Office of Office of Civilian Health & Med. Program of the Uniformed Servs.*, 65 F.3d 361, 362 (4th Cir. 1995) (affirming the district court's issuance of a permanent injunction prohibiting CHAMPUS from denying payment for treatment); *Johnson v. United States*, 41 Fed. Cl. 341, 346 (Fed. Cl. 1998) ("Had Ms. Johnson actually paid [the medical provider] herself, she would likely have a cognizable claim under a money mandating regulation or a claim seeking [money damages].");￼ *Bishop v. Office of Civilian Health & Med. Program of the Uniformed Servs.*, 917 F. Supp. 1469, 1473 (E.D. Wash. 1996) (granting summary judgment for plaintiff requesting preliminary and permanent injunctions enjoining CHAMPUS from denying coverage and declaratory relief that plaintiff's treatment was covered by CHAMPUS); *Green Hosp. v. United States*, 23 Cl. Ct. 393, 399 (Cl. Ct. 1991) (holding that a hospital's claim for reimbursement was a claim for money damages).

Middlebrooks filed his amended complaint before receiving treatment. Therefore, at the time he filed suit, he could not have been suing for reimbursement because he had not yet incurred any expenses. As in *Doe*, *Smith*, *Wilson*, and *Bishop*, that fact suggests that Middlebrooks's claim is not a claim for money damages disguised as equitable relief.

In *Doe*, the plaintiff was denied coverage for an abortion of an anecephalic pregnancy. *Doe*, 372 U.S. at 1310. Following the denial, she filed suit, and the district court granted a temporary restraining order, which it later converted into a preliminary injunction, based on the fact that the plaintiff's financial circumstances would force her to carry the fetus to term and endure irreparable psychological and physical harm. *Id.* at 1310-11, 1314. Before the litigation was resolved, the plaintiff obtained an abortion and the government paid for the procedure. *Id.* at 1311. In holding that the requested relief remained equitable and was not transformed into a request for money damages, the Federal Circuit focused on the relief requested in the complaint. *Id.* at 1313. The Federal Circuit distinguished Doe's circumstances from *Britell*, where the plaintiff "clearly and solely" requested money damages after paying the hospital herself. *Id.* at 1316-17.

Although they are not identical, *Doe* bears a number of similarities to the facts presented here. Middlebrooks filed suit before obtaining treatment. Middlebrooks requested equitable relief in the amended complaint. The fact that

10

Middlebrooks did not seek a temporary restraining order or preliminary injunction does not transform this case into a request for money damages because the remedy he sought was limited to injunctive and declaratory relief. In fact, Middlebrooks's suit has greater prospective value than *Doe* because Middlebrooks may need additional treatment in the future.

Because the court has found that Middlebrooks's claim is a request for equitable relief under the APA, the court must also ensure that Middlebrooks meets the other requirements for APA jurisdiction. In addition to barring claims for money damages, the APA also excludes claims if another statute granting consent to suit expressly or impliedly forbids the relief sought or if there is an adequate remedy in another court. 5 U.S.C. §§ 702, 704. The United States does not argue that another statute expressly or impliedly forbids the relief Middlebrooks seeks. The United States does contend, however, that an adequate remedy is available in the Court of Federal Claims for money damages. This argument is really another phrasing of the United States's core argument that Middlebrooks is really requesting money damages and not equitable relief. For the reasons stated above, Middlebrooks properly stated a claim for equitable relief above and apart from the value of the money the United States would pay for his care, so a claim for money damages in the Court of Federal Claims would not be an adequate alternative remedy.

Finally, the United States argues that even if Middlebrooks has asserted a valid APA claim, he has failed to exhaust his administrative remedies because at the time of the amended complaint, Middlebrooks had not undergone the treatment. The APA requires that an administrative act be final before it may be reviewed. 5 U.S.C. § 704. The United States bases this argument on the fact that Middlebrooks had not yet received his treatment, which normally is one of the steps in obtaining TRICARE coverage. Docket 17 at 21-22. But adjunctive dental care requires preauthorization under TRICARE policy. Docket 18-3 at 4. Although TRICARE beneficiaries may be able to obtain partial payment for adjunctive dental care without preauthorization, that fact does not mean Middlebrooks has an additional administrative remedy when he has already been denied benefits. In fact, the letter denying coverage from the office of the Assistant Secretary of Defense to Middlebrooks's attorney states, "[t]his letter constitutes the final administrative determination in this case as the facts have been determined." Docket 18-1 at 3. Having received a final administrative determination, Middlebrooks was not required to receive treatment and hope that partial payment would later be authorized in order to exhaust his administrative remedies.

## B.  Standing

Before this court can consider the merits of this claim, Middlebrooks must demonstrate Article III standing, which requires a justiciable case or

controversy. *See Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). "The Constitution requires a party to satisfy three elements before it has standing to bring suit in federal court: injury in fact, causation, and redressability." *Campbell v. Minneapolis Pub. Hous. Auth.*, 168 F.3d 1069, 1073 (8th Cir. 1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)). An injury in fact must be concrete and particularized, and actual or imminent rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

The United States argues that because Middlebrooks had not incurred any costs prior to the filing of the amended complaint, Middlebrooks cannot establish an actual or concrete injury. Docket 17 at 23. First, the denial of benefits itself can be a concrete injury. *See Alcala v. Burns*, 545 F.2d 1101, 1104 (8th Cir. 1976) (finding that a denial of benefits conferred standing); *see also Flores v. United States*, No. 11-12119, 2011 WL 4806769, at *6-7 (E.D. Mich. Oct. 11, 2011) (holding that a denial of TRICARE coverage is sufficient to confer standing). Numerous federal courts have allowed plaintiffs to challenge a denial of preauthorization for medical care, further supporting that the denial of benefits is a sufficient injury. Second, Middlebrooks had a specific course of treatment in place, not a hypothetical treatment he might undergo some time in the future. Third, even if the denial of benefits does not itself constitute a harm sufficient to confer standing, Middlebrooks is exposed to imminent harm arising

13

from allegedly being improperly denied necessary medical treatment for a serious, ongoing condition. Because Middlebrooks's injury is not ill-defined or speculative, he has demonstrated standing to challenge his denial of benefits.

## II.    Failure to State a Claim

A Rule 12(b)(6) motion "only tests whether the claim has been adequately stated in the complaint." Charles Alan Wright and Arthur R. Miller, 5B *Federal Practice and Procedure* § 1356 (3d ed.). A complaint is subject to dismissal only when it fails to meet the liberal pleading standard under Rule 8(a), and a motion to dismiss is not a procedure for resolving factual or substantive questions about the merits of a case. *Id.* The United States contends that, even if this court has subject matter jurisdiction, TRICARE's dental coverage is limited and Middlebrooks's condition does not fit one of the enumerated exceptions. Docket 17 at 24.

To obtain relief under the APA, a plaintiff must show that the challenged agency action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706. Middlebrooks has pleaded facts showing that he has a congenital condition and his doctors recommend certain dental procedures to treat that condition. He has also pleaded facts that he is eligible for some benefits under TRICARE, that TRICARE offers some coverage for dental care related to severe congential anomalies, and that TRICARE refused to cover his requested treatment. These facts are sufficient to state a plausible claim

14

upon which relief could be granted. Whether his specific condition is covered as a severe congenital anomaly, or whether his dental treatment would otherwise qualify as treatment of his underlying medical condition, are questions beyond the scope of a Rule 12(b)(6) motion.

## CONCLUSION

Middlebrooks's requested relief is equitable in nature. Therefore, this action is properly brought in this court under the APA. Middlebrooks has shown an injury in fact sufficient to confer standing, and he has exhausted his administrative remedies. Middlebrooks has also pleaded facts sufficient to demonstrate a plausible claim to relief. Accordingly, it is

ORDERED that the United States's motion to dismiss the complaint (Docket 8) is denied as moot.

IT IS FURTHER ORDERED that the United States's motion to dismiss the amended complaint (Docket 16) is denied.

Dated March 20, 2014.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE